| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CR 113-117 |
| RICHARD LEE OWEN, II | * |

# O R D E R

On March 3, 2015, the Court held a hearing on Defendant's motion to dismiss the additional counts in the Third Superseding Indictment. (Doc. no. 138.) For the reasons stated at the hearing and summarized herein, the motion is **DENIED**.

On June 4, 2014, the Government presented and a grand jury returned a 37-count Second Superseding Indictment against Defendant. (Doc. no. 43.) On September 24, 2014, the Government notified Defendant and the Court of its intent to introduce many financial documents at trial which had been disclosed but were not explicitly charged in the Second Superseding Indictment. (Doc. no. 87.) The Court cautioned the Government that the jury's attention should remain focused on charged conduct rather than uncharged conduct. (Doc. nos. 119 & 120.) On January 6, 2015, the Government sought a 253-count Third Superseding Indictment, which added the previously uncharged financial documents. (Doc. no. 129.)

Defendant asserted that the Government has repeatedly sought to re-indict him after every exercise of his Sixth Amendment rights and therefore the additional counts in the

Third Superseding Indictment must be dismissed on grounds of prosecutorial vindictiveness. (Doc. no. 138.) The Government responded that the Third Superseding Indictment is an attempt to remedy the shortcomings in the Second Superseding Indictment that were identified by the Court. (Doc. no. 142.)

At a hearing on March 3, 2015, the Government changed its legal theory regarding the documents it added to the Third Superseding Indictment. Instead of continuing its premise that these documents are intrinsic evidence of charged conduct and therefore admissible (see doc. nos. 27, 64 & 87), the Government argued at the hearing that the documents were charged in previous indictments as part of the alleged schemes. More importantly, the Court found no evidence of prosecutorial vindictiveness and concluded that the Government sought a Third Superseding Indictment in response to the Court's instruction and guidance rather than in response to Defendant's exercise of his rights. Accordingly, the Court **DENIED** the motion.

For the reasons stated at the hearing and summarized herein, **IT IS ORDERED** that Defendant's motion to dismiss (doc. no. 138) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of March, 2015.

UNITED STATES DISTRICT JUDGE