IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-117 |
| | * | |
| RICHARD LEE OWEN, II | * | |

**O R D E R**

On May 11, 2015, the Court held a hearing on all pending motions in this matter. The pending motions are:

(1) Defendant's motion for return of funds (doc. no. 144); and Defendant's renewed motion for return of funds (doc. no. 182);

(2) Defendant's motion for extension of time to file formal objections to the presentence investigation report ("P.S.I.") (doc. no. 184);

(3) Defendant's motion for continuance of sentencing hearing for medical reasons (doc. no 184); and

(4) Defendant's requests for witnesses at sentencing hearing and motions for subpoenas (doc. nos. 184, 187 & 191).

The motions are resolved as stated at the hearing and summarized herein.

**I. BACKGROUND**

On February 2, 2015, Defendant's appointed counsel submitted an interim Criminal Justice Act voucher to the Court seeking payment for services rendered in this matter. (See

doc. no. 141.) The Court then became aware that Defendant maintained a balance of $6,963.87 in his account at the Lincoln County (Georgia) jail. (Id.) On February 5, 2015, the Court directed the Sheriff of Lincoln County to remit to the Clerk of the Court the sum of $6,500.00 from Defendant's jail account for deposit in the Registry of the Court. (Id.) The funds were held in the Registry subject to further order of the Court. (Id.)

On February 9, 2015, Defendant, through counsel, objected to garnishment and moved for return of the funds, arguing that the Social Security Act protects a portion of the remitted funds from legal process. (Doc. no. 144.) At the conclusion of an ex parte hearing, the Court deferred ruling on the matter. (Doc. no. 157 (ex parte).)

Defendant filed a waiver of counsel and election to proceed pro se, entered a plea of guilty, then renewed his motion for return of funds. (Doc. nos. 162, 181 & 182.) He asserts that his Social Security income comprises the entire $6,500.00 amount remitted to the Court by the Sheriff, submits affidavits to that effect from himself and his adopted son, but fails to attach financial records or other documentation in support of his assertion. (Doc. no. 182.)

On April 7, 2015, Defendant submitted a letter to the presiding judge seeking an extension of time to file formal

objections to the P.S.I. and a continuance of the sentencing hearing for medical reasons. (Doc. no. 184.) At the time of his request, the hearing had not yet been scheduled. Defendant sets forth the following as reasons for postponing the hearing[1]:

> 1. I recently had surgery on my left large toe and have a [sic] open wound on that toe. I go for treatment every Monday. On the last Monday I asked the doctor how much longer would the treatment continue. His reply was it was hard to say for certain but because I was a diabetic he had to be very careful about open wounds. He thought 3 - 5 weeks.
>
> 2. In the last fews [sic] weeks I have had two vein surgeries. There is one more surgery that will take place then a follow up ultra sound.
>
> 3. In January, 2015, tests revealed I had a torn rotatory [sic] cuff due to my passing out while in Jefferson County jail. That surgery is scheduled but has not taken place.

(Id.) Also, Defendant identifies in his April 7 letter two witnesses that he intends to call at the sentencing hearing: Mr. Adam King, an attorney in Augusta, Georgia; and Mr. Jerry Culver, an expert retained by Defendant's former appointed counsel. (Id.)

On May 7, 2015, Defendant submitted a letter identifying two additional witnesses for that hearing. He requests a subpoena for Deputy Joel Danko, Richmond County (Georgia)

---

[1] From Defendant's statements, the Court readily concludes that his medical needs as well as those for food and lodging are amply met.

Sheriff Department, and a subpoena <u>duces tecum</u> for Dr. Stephen Broadwater, a cardiologist at University Hospital in Augusta, Georgia. (Doc. no. 187.)

At the May 11 hearing, Defendant brought to the Court's attention a letter dated April 9, 2015. (Doc. no. 189.) In the letter, Defendant disagrees with the Government regarding the number of victims in this case, and how the number of victims affects his offense level.

Two days after the May 11 hearing, Defendant filed a motion for subpoenas for two of the four witnesses he had previously identified. (Doc. no. 191.)

## II. DISCUSSION

### A. Defendant's Motions for Return of Funds

Defendant argues that Social Security benefits comprise the entire $6,500.00 sum remitted to the Court, that Social Security income is protected from legal process, and the Court should therefore return the funds to him. He relies on a provision in the Social Security Act, which states in relevant part:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

4

42 U.S.C. § 407(a). In support of his renewed motion, Defendant submits affidavits from himself and his adopted son, Mr. Joel Robert Asher ("Asher"). (Doc. no. 182.) Asher states that, in May 2014, Defendant asked Asher to open an account at Bank of America for direct deposits of Defendant's Social Security benefits. Asher complied, and states that the only money deposited into that account is Defendant's Social Security income. Asher sends money to Defendant each month from that account, and only from that account. (Id.) Defendant's affidavit closely tracks Asher's affidavit. Defendant states that he asked Asher to open an account for Defendant's Social Security income, Defendant has no other assets or income from other sources, no one sends money to Defendant except Asher, and all funds in Defendant's jail account at the time of seizure were from his Social Security benefits. (Id.) Aside from the two affidavits, Defendant presents no evidence tracing the seized funds to exempt sources.

At the hearing, the Government responded that Defendant's motion is not yet ripe because Defendant's financial obligations have not yet been determined. Further, the Government suggested that Defendant may be attempting to hide funds in Asher's account that may soon be subject to fines.

By insulating Social Security benefits from assignment or

seizure, Section 407 attempts to insure that recipients have the resources necessary to meet their most basic needs. United States v. Devall, 704 F.2d 1513, 1516-17 (11th Cir. 1983)(citing H.R. Rep. No. 92-213, 92d Cong., 1st Sess. 156 (1971)). Thus, when a seizure has the effect of denying the debtor basic resources, Section 407 is properly invoked. Id. However, when the debtor's ability to care for himself is not implicated, Section 407 need not be applied. Id. at 1517; Citronelle-Mobile Gathering, Inc. v. Watkins, 934 F.2d 1180, 1192 (11th Cir. 1991)(applying Devall and holding that Section 407 does not prevent seizure of Social Security payments in the amount of $2,826.00 where those payments are commingled in a personal account containing $63,000.00, where the recipient of the Social Security payments has sole control over corporate assets of over $10 million, and where the recipient has sufficient resources to flee to Switzerland); Dep't of Health and Rehab. Servs., State of Fla. v. Davis, 616 F.2d 828, 830 (5th Cir. 1980)(holding that Section 407 does not prevent a state from applying Social Security income to the reasonable cost of the care of an incompetent where a state hospital, acting in loco parentis, provides for all of the needs of the recipient of the Social Security income).

The commingling issue addressed in Watkins is relevant in this case, because Defendant presents no evidence other than

bald affidavits that his Social Security payments were not mixed with other funds before the Sheriff remitted the sum to the Clerk. Also, the circumstances in the case at bar are similar to those in <u>Davis</u>, in that the state is providing for all of Defendant's basic needs including food, housing, clothing, and extensive medical care. The Court concludes, as a **PROVISIONAL FINDING**, that the challenged seizure of funds does not implicate Defendant's ability to care for himself. However, the Court **DEFERS** ruling on this motion. Final disposition of the funds, which will remain in the Registry subject to further order of the Court, may be affected by a determination of amounts due to Defendant's former appointed counsel and any restitution or financial obligations imposed on Defendant.

**B. Defendant's Objections to the P.S.I.**

In Defendant's April 7 letter, Defendant requests an extension of time to file formal objections to the P.S.I. (Doc. no. 184.) The United States Probation Office received Defendant's objections, therefore Defendant's request is **DENIED AS MOOT**. Defendant's "preliminary objections to presentence investigation report" contained in his April 9 letter, wherein he disputes the number of victims, are noted and shall be considered in due course. (Doc. no. 189.)

**C. Defendant's Request for Continuance of Sentencing Hearing for Medical Reasons**

In Defendant's April 7 letter, Defendant seeks a continuance of his sentencing hearing for medical reasons. (Doc. no. 184.) After receiving an update from Defendant regarding his health at the May 11 hearing, the Court scheduled the sentencing hearing for May 28, 2015. (See doc. no. 190.) Defendant's request for continuance is **DENIED**. The Court instructed Defendant that future requests for continuance of the hearing for medical reasons must be accompanied by a physician signature and statement of reasons.

**D. Defendant's Requests for Witnesses at the Sentencing Hearing and Motions for Subpoenas**

In his April 7 letter, Defendant requests that Mr. Adam King and Mr. Jerry Culver appear as witnesses at the sentencing hearing. (Doc. no. 184.) However, Defendant does not request subpoenas for these witnesses in that letter, nor does he allege that he is unable to pay the witness' fees.

In Defendant's May 7 letter, Defendant requests a subpoena for Deputy Joel Danko and a subpoena duces tecum for Dr. Stephen Broadwater to appear at the sentencing hearing. (Doc. no. 187.) However, he does not provide addresses for the witnesses in that letter. Like the April 7 request, Defendant does not allege that he is unable to pay the related costs.

At the May 11 hearing, upon consideration of Defendant's

April 7 and May 7 letters requesting a total of four witnesses, the Court instructed Defendant to promptly submit any subpoena requests to the Clerk with the appropriate information.

Two days later, Defendant submitted a motion for subpoenas in which he provides the names and addresses for two of the four previously identified witnesses:

> Adam King
> Attorney at Law
> 4137 Columbia Road
> Augusta, GA 30907; and
>
> Joel Danko, Deputy
> Richmond County Sheriff Office
> 400 Walton Way
> Augusta, GA 30901.

(Doc. no. 191.) The Court **DIRECTED**, at the close of the May 11 hearing, that Defendant shall be responsible for the issuance of subpoenas and shall promptly file additional subpoena requests, if any, with the Clerk.

As for the costs of subpoenas, Defendant has not demonstrated a need to proceed in forma pauperis. Moreover, it appears from Defendant's own statements that he has sufficient income pay the costs of service and the witness' fees.[2] See United States v. Williams, 2010 WL 1640967, at *1 (S.D. Ga.

---

[2] This is not to say that Defendant is foreclosed from the privileged status of in forma pauperis for all purposes. Rather, witness fees and travel are fairly minimal expenses that Defendant can well afford.

9

Apr. 22, 2010)(citing Fed. R. Crim. P. 17(b) and explaining that a defendant must among other things satisfactorily establish his indigence before the Court is required to issue subpoenas at public expense). As noted, Defendant's basic needs are otherwise met. Defendant has insisted on representing himself, eschewing the services of counsel. Under the circumstances, the Court is not inclined to offer special assistance in an undertaking which Defendant's lawyer would typically perform.

### III. CONCLUSION

As stated at the hearing and summarized herein, **IT IS ORDERED** that Defendant's renewed motion for return of funds (doc. no. 182) is **DEFERRED**; Defendant's motion for extension of time to file objections to P.S.I. (doc. no. 184) is **DENIED AS MOOT**; Defendant's motion for continuance of the sentencing hearing (doc. no. 184) is **DENIED**; and Defendant's motions for subpoenas (doc. no. 187 & 191) are **GRANTED** as modified.

The Clerk is **DIRECTED** to issue subpoenas for the following witnesses to appear at the sentencing hearing in this case currently scheduled for May 28, 2015, at 10:00 a.m.:

   Mr. Adam King
   Attorney at Law
   4137 Columbia Road
   Augusta, GA 30907; and

   Deputy Joel Danko

Richmond County Sheriff Office
400 Walton Way
Augusta, GA 30901.

The Clerk shall mail the subpoenas to Defendant.

**IT IS FURTHER ORDERED** that Defendant is responsible for service of the subpoenas, shall bear the costs of service, and shall pay the witness' fees.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of May, 2015.

UNITED STATES DISTRICT JUDGE