```
                                                              FILED
                                                       U.S. DISTRICT COURT
                                                           AUGUSTA DIV.
```

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA            2015 JUN 16 PM 12:56
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| v. | * | CR 113-117 |
| RICHARD LEE OWEN, II | * | |

## ORDER

This is a criminal case with a tortured history involving a manipulative and deceptive Defendant who, from time to time, appeared *pro se* or has been represented by appointed counsel. During one of the intervals when represented by counsel, the Court discovered the existence of a substantial inmate activity account in the jail where the Defendant was confined. (See attached Account Activity Ledger from 10/07/2014 to 03/02/2015.) Interestingly, the Account Activity Ledger reflects a relatively enormous increase by virtue of a deposit apparently made on October 28, 2014, in the amount of $5,643.11. Other deposits in the account seem to be round numbers of $500.00, $400.00, and $150.00.

Upon learning of the aforementioned account, which at one time reached slightly over $7,000.00 in the hands of the Sheriff of Lincoln County, the Court entered the Order of February 5, 2015, for the reasons then known and stated in that Order, requiring the Sheriff to remit to the registry of the Court the sum of $6,500.00. The Court's seizure of those

funds prompted an immediate objection from the Defendant, through appointed counsel, filed February 9, 2015. A later *pro se* motion for return of funds was filed by the Defendant on March 31, 2015. Moreover, the Court has heard oral argument from both appointed counsel and Mr. Owen during the course of this criminal proceeding. Finally, at the close of the sentencing hearing conducted before the Court on June 12, 2015, Mr. Owen presented to the presiding judge ten documents which appear to be legitimate bank statements from the Bank of America, P.O. Box 15284, Wilmington, DE 19850. The bank statements reflect the name of the account holder, Joel Asher, at 2330 North Elm Street, Greensboro, NC 27408-5120.

According to submissions of the Defendant, Joel Robert Asher ("Asher") is his adopted son. The Defendant further contends that all funds received in his jail account emanated from Social Security benefits. The Defendant contends that Asher had his authority to open the Bank of America account for the sole purpose of allowing direct deposits of the Defendant's Social Security benefit checks. Asher then doles the money out in more or less regular deposits into the Defendant's jail account. Of course, no such deposits have been made since January 30, 2015, when $400.00 was deposited a few days prior to the entry of the Court's Order of February 5th aforementioned.

The Court has now examined the Bank of America account statements. It does appear that Social Security benefits were being deposited into Asher's account, although from May to December 2014, there is no indication of the name of the recipient of the Social Security benefits.[1] Nevertheless, for purposes of argument, the Court will accept that the deposits into the Bank of America account are Social Security benefits payable to the Defendant. However, this does not end the inquiry because it does not necessarily follow that the original source of all funds arriving at the Lincoln County jail started with Social Security benefits. It is clear that Social Security benefits checks were not being directly deposited into the jail account. According to the Defendant, the deposits into the jail account were made by Asher from the Bank of America account. The bank statements, however, do not bear this out. For example, there is no correlation between the sporadic ATM withdrawals (which are in round numbers) made by Asher before October 28, 2014, and the large lump sum deposit of $5,643.11 into the jail account on October 28, 2014. Thus, the Defendant has not adequately shown the $5,643.11 deposit to be derived from Social Security benefits. Further, the additional deposits were not in the amount of the

---

[1] Beginning with the January 2015 statement, the statement entries showing a Social Security deposit bears the name of Richard Lee Owen.

3

Social Security payments. Indeed, withdrawals shown in the Bank of America statements do not correspond in amount or chronologically with deposits made into the Defendant's jail account. For example, the bank statement shows an ATM withdrawal of $200 on November 17, 2014, yet there was a $500 deposit into the jail account on November 21, 2014. In December 2014, Asher made three separate ATM withdrawals totaling $1000, yet only $500 made its way into the jail account. This happened again in January 2014, when Asher made three separate ATM withdrawals totaling $700, yet only $400 made its way into the jail account. What this evidence shows is that the funds have, at best, traveled through the hands of a third party and have been doled out to Defendant Owen in round number deposits into his jail account. It is obvious that portions of these benefits have been commingled with other funds in the pocket of Asher and used for other purposes known only to Asher and, perhaps, Defendant Owen.

The source of the funds in the jail account, however, and whether or not they are traceable back to Social Security benefits for Defendant Owen, is not the point. The clear and compelling conclusion here is that this Defendant has no need of a stipend provided by the taxpayers of the United States of America while he is incarcerated. As detailed in the Court's Order of May 26, 2015, pages 4 through 7, this Defendant while

incarcerated is provided ample food, clothing, shelter, and abundant medical care. Nor has the Defendant needed Social Security benefits at all during the period of his incarceration beginning January 28, 2014, through the present. Not surprisingly, the Court is unaware of any transactions between the Social Security Administration, Asher and the Defendant since February 5, 2015.

One glaring feature of this controversy removes all doubt with respect to the Defendant's claim of entitlement to the sum of $6,500.00 remaining in the registry of the Court. Social Security law clearly provides that:

> Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under Section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual . . . is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

42 U.S.C. § 402(x)(1)(a)(i). The Defendant, Richard Owen, has been convicted of the federal felony offenses of bank fraud and money laundering since the entry of his guilty plea on March 11, 2015. Beyond cavil, the Defendant's conviction is expressed in the Judgment and Commitment Order entered today. The Defendant has no need nor any right to Social Security benefits now while he serves a 236-month prison term.

Upon the foregoing **IT IS HEREBY ORDERED AND ADJUDGED** that the sum of $6,500.00 plus accrued interest now held in the registry of the Court **SHALL BE FORTHWITH TRANSFERRED** by the Clerk of this Court to the Criminal Justice Act account for the reimbursement of the fees and expenses of the Defendant's appointed counsel. Accordingly, the Defendant's motions for return of funds (doc. nos. 144 and 182) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of June, 2015.

UNITED STATES DISTRICT JUDGE